## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

JANICE BUELL,                                  )
                                               )
                        Plaintiff,             )
            v.                                 )
                                               )        Civil Action No. 2025-0016
ROSEMARIE JARVIS, DOUGLAS NICOLL,              )
ETHLEENE JOHNSON,                              )
                                               )
                        Defendants.            )
_____      )

**Appearance:**

**Janice Buell,** *Pro Se*
St. Croix, U.S.V.I.

## MEMORANDUM OPINION

**Lewis, Senior District Judge**

THIS MATTER comes before the Court on Plaintiff Janice Buell's ("Plaintiff") Complaint (Dkt. Nos. 1, 1-2) and "Motion for TRO" (Dkt. No. 15) against Defendants Rosemarie Jarvis ("Jarvis"), Douglas Nicoll ("Nicoll"), and Ethleene Johnson ("Johnson"), President, Vice President, and Secretary/Treasurer, respectively, of the Yellow Cliff, Hope, and Carton Hill Property Owners Association. For the reasons discussed below, the Court will dismiss the instant matter for lack of subject matter jurisdiction and will deny the Motion for TRO as moot.

### I. BACKGROUND

On March 10, 2025, Plaintiff filed a *pro se* Complaint using the District Court of the Virgin Islands' "*Pro Se* Civil Rights Complaint (non-prisoner)" Form. (Dkt. No. 1). In the Complaint, Plaintiff alleges that Defendants Jarvis, Nicoll, and Johnson, members of the Board of Directors of the Yellow Cliff, Hope, and Carton Hill Property Owners Association ("the Association"), have breached their fiduciary duties and committed other actions of wrongdoing against the Association.

*Id.* at 1. Plaintiff alleges four causes of action: Count 1—Failed Fiduciary Duty of Care, Loyalty, and Failed to Act Within the Scope of Authority; Count 2—Conducted Meetings in An Illegal and Inappropriate Manner; Count 3—Causing Harm by the Wrongful Use of the Association's Trademark Name; and Count 4—Publications of Misstatement, Misleading, Omitted Facts, to Procure & Sway Votes-Proxies. *Id.* at 2. In her Complaint, Plaintiff asserts that jurisdiction is grounded in 42 U.S.C. § 1983. *Id.* at 1. In addition, Plaintiff's and Defendants' addresses are listed as Christiansted, St. Croix, Virgin Islands. *Id*. at 1-3. Attached to Plaintiff's Complaint are documents referenced therein that are related to the Association. (Dkt. Nos. 1-3 – 1-70).

On March 14, 2025, Plaintiff filed a Motion for Temporary Restraining Order against Defendants. (Dkt. No. 15). Plaintiff is seeking injunctive relief in an attempt to prevent Defendants from presiding over the Association's Annual Meeting scheduled for March 27, 2025, and to remove Defendants from their respective positions on the Board of Directors of the Association. *Id.* at 1.[1]

## II.    APPLICABLE LEGAL PRINCIPLES

It is axiomatic that federal courts are courts of limited subject matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction," and "the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted). Further, "because subject matter jurisdiction is non-waivable, courts have an independent obligation to satisfy themselves of jurisdiction if it is in doubt." *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 76-77 (3d Cir. 2003) (citing *Mt. Healthy*

---

[1] In the Motion for TRO, Plaintiff also states, "We need an order from the court for an independent auditor to review the Association's books." (Dkt. No. 15 at 4).

*City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977)). Thus, courts can raise the issue of subject matter jurisdiction *sua sponte*. *Nesbit,* 347 F.3d at 77.

"Federal district courts have subject matter jurisdiction over civil actions that arise (1) under the Constitution, laws or treaties of the United States (*i.e.*, federal question jurisdiction), or (2) between citizens of different states where the matter in controversy exceeds \$75,000 (*i.e.*, diversity jurisdiction*)." City of Newark v. Lawson*, 346 F. App'x 761, 763 (3d Cir. 2009) (per curiam) (citing 28 U.S.C. §§ 1331, 1332). Further, there are two ways in which federal question jurisdiction may arise. First, "a case arises under federal law when federal law creates the cause of action asserted." *Goldman v. Citigroup Glob. Mkts. Inc*., 834 F.3d 242, 249 (3d Cir. 2016) (internal quotation marks omitted) (quoting *Gunn v. Minton*, 568 U.S. 251, 257 (2013)); *Gardiner v. St. Croix Dist. Governing Bd. of Dirs*., 859 F. Supp. 2d 728, 732 (D.V.I. 2012). Second, "a case may arise under federal law 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (footnote omitted) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Tr*., 463 U.S. 1, 9, (1983)); *Gardiner*, 859 F. Supp. 2d at 732. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Bank of Am., N.A. v. Arsenis*, No. 24-1360, 2024 WL 3534479, at *2 (3d Cir. July 25, 2024) (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citation omitted)).

For diversity jurisdiction to exist under 28 U.S.C. § 1332(a)(1), there must be complete diversity of citizenship between the parties, in that "no plaintiff can be a citizen of the same state as any of the defendants." *Walthour v. City of Philadelphia*, 852 F. App'x 637, 639 (3d Cir. 2021) (citing *Johnson v. SmithKline Beecham Corp*., 724 F.3d 337, 346 (3d Cir. 2013)). The Court has

an independent and ongoing obligation to ensure that it has subject matter jurisdiction over an action, and to raise the issue *sua sponte* even when the parties fail to raise it. *Seneca Res. Corp. v. Township of Highland*, 863 F.3d 245, 252 (3d Cir. 2017).

## II.     DISCUSSION

### A.     Federal Question Jurisdiction

In reviewing the Complaint, the Court finds that Plaintiff does not allege federal question jurisdiction. Plaintiff's Complaint does not cite any federal law as a basis for any of her causes of action or that her rights turn on "some construction of federal law." Instead, Plaintiff alleges that Defendants—in their capacities as Board Members of the Association—have taken a series of improper actions that have breached their fiduciary duties or otherwise been detrimental to the operations of the Association. *See, e.g.*, (Dkt. Nos. 1 at 4; 1-2 at 1-19). Indeed, Plaintiff's Motion for TRO confirms that Plaintiff is alleging violations of local law, citing to various statutes of the Virgin Islands Code. (Dkt. No. 15 at 4) ("We believe they are in violation of VI Codes."); *Id.* at 5-6. Because Plaintiff's Complaint does not properly plead a federal question and the record indicates that Plaintiff is alleging violations of local law, this Court does not have federal question jurisdiction under 28 U.S.C. § 1331.[2]

---

[2] On the Complaint form, Plaintiff selected the option that jurisdiction is asserted pursuant to 42 U.S.C. § 1983. (Dkt. No. 1 at 1). When analyzing whether a claim under 42 U.S.C. § 1983 has been pleaded, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States," and the plaintiff "must show that the alleged deprivation was committed by a person acting under color of state law." *Ellenburg v. Virgin Islands*, No. CV 23-0035, 2024 WL 4366906, at *2 (D.V.I. Sept. 30, 2024) (citing *Marfisi v. Powell*, Civ. No. 23-21484, 2024 WL 2076872, at *2 (D.N.J. May 7, 2024) (quoting *West v. Atkins*, 487 U.S. 42, 48, (1988)). "The color-of-state-law requirement is a threshold issue: 'there is no liability under § 1983 for those not acting under color of law.' *Groman v. Twp. of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995). To show that the defendant acted under color of state law, a litigant must establish that the defendant is a 'state actor' under the Fourteenth Amendment. *Benn v. Universal Health Sys., Inc*., 371 F.3d 165, 169 n.1 (3d Cir. 2004)); *Bailey v. Harleysville Nat'l Bank & Trust*, 188 F. App'x 66, 67 (3d Cir. 2006) (per curiam).

**B.      Diversity Jurisdiction**

Because the Complaint does not plead federal question jurisdiction, the Court must determine whether there is diversity jurisdiction. As noted earlier, the Complaint states that Plaintiff and Defendants are citizens of the Virgin Islands based on their addresses listed in the Complaint. (Dkt. No. 1 at 1-2). Thus, diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) is not present. 28 U.S.C. § 1332(a)(1). Because Plaintiff has failed to establish—by way of her Complaint—that there is diversity of citizenship among the parties in the instant action, Plaintiff has failed to meet her burden of establishing the Court's jurisdiction over this matter under 28 U.S.C. § 1332(a). *Walthour*, 852 F. App'x at 639 (complete diversity of citizenship necessary to

---

The "touchstone" of the state-action inquiry centers on the proposition that "state action may be found if, though only if, there is such a close nexus between the [s]tate and the challenged action that seemingly private behavior may be fairly treated as that of the [s]tate itself." *P.R.B.A. Corp. v. HMS Host Toll Rds., Inc*., 808 F.3d 221, 224 (3d Cir. 2015) (internal quotation marks and citations omitted).

In reviewing Plaintiff's Complaint, there are no allegations or claims that could be construed as arising under 42 U.S.C. § 1983. As discussed above, Plaintiff has not alleged a violation of a right secured by the Constitution or any federal law. With regard to the second requirement of a Section 1983 claim, Plaintiff does not allege that any Defendants acted under color of state law. Rather, the crux of Plaintiff's allegations is focused on Defendants' actions as board members of a private homeowners' association, which is wholly insufficient to make Defendants state actors. Without state action there can be no claim under Section 1983. *Lyles v. Greyhound Bus Lines*, No. 24-2409, 2025 WL 401204, at *1 (3d Cir. Feb. 5, 2025) (per curiam) ("[T]here is no liability under § 1983 if the defendants were not acting under color of state law."); *Karim-Seidou v. CMA/CGM Am., LLC*, No. CV 23-12579, 2024 WL 5182473, at *2 (D.N.J. Dec. 20, 2024) (internal citation omitted) (noting that "[i]t is axiomatic that Section 1983 claims require state action"). Plaintiff's assertion of jurisdiction under Section 1983 must therefore fail. *See Yoder v. Tompkins*, 671 F. App'x 27, 29 (3d Cir. 2016) (upholding district court's decision to dismiss plaintiff's complaint for lack of subject matter jurisdiction where plaintiff failed to allege facts sufficient to show the deprivation of a federal right and that the defendants were state actors to support claim under 42 U.S.C. § 1983); *see also Greene v. Sloane*, No. CV 17-3497, 2019 WL 6654150, at *1 (E.D. Pa. Mar. 25, 2019), *aff'd*, 783 F. App'x 108 (3d Cir. 2019) (dismissing plaintiff's amended complaint for lack of subject matter jurisdiction where plaintiff did not present allegations that would support claim under 42 U.S.C. § 1983).

establish diversity jurisdiction); *Chestnut St. Consol., LLC v. Dawara*, 571 F. Supp. 3d 392, 395 (E.D. Pa. 2021) (citing *McCann v. The George W. Newman Irrevocable Trust*, 458 F.3d 281, 286 (3d Cir. 2006)) ("The party asserting diversity jurisdiction bears the burden to prove diversity.").

## III.    CONCLUSION

Based on a review of the entire record, the Court finds—for the reasons stated herein—that this matter must be dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) ("[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety.") (citation omitted). Further, because the Court lacks subject matter jurisdiction over this matter, the Court will deny as moot Plaintiff Janice Buell's "Motion for TRO" (Dkt. No. 15).

An appropriate Order accompanies this Memorandum Opinion.

Date: March 19, 2025

_____/s/_____
WILMA A. LEWIS
Senior District Judge